DLD-191                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1647
_____

JOSE A. PEREZ-RODRIGUEZ,
                                            Appellant,

v.

RONNIE HOLT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 10-cv-01312)
District Judge: Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 19, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges.

(Filed: July 22, 2011  )
_____

OPINION
_____

PER CURIAM

        Appellant Jose A Perez-Rodriguez, an inmate at the United States Penitentiary –

Canaan in Waymart, Pennsylvania, filed a petition for writ of habeas corpus, 28 U.S.C.

§ 2241, in the United States District Court for the Middle District of Pennsylvania.

Perez-Rodriguez sought to challenge the order in which he is serving his consecutive

Commonwealth of Puerto Rico and federal sentences.  Perez is currently serving a 273-

month federal sentence. His projected release date from federal custody is March 17, 2023. Upon his release, he will be returned to the Commonwealth of Puerto Rico to serve a sentence of approximately 135-319 years (for first degree murder, among other convictions); on February 20, 2008, the Puerto Rico Department of Corrections requested that a detainer be lodged with the Federal Bureau of Prisons.[1] In the habeas corpus petition, Perez-Rodriguez claimed that the law of primary jurisdiction mandates that he be transferred to the custody of Puerto Rico now so that he can serve the Puerto Rico sentence first. Perez-Rodriguez pursued his request for a transfer on this basis through prison administrative channels, but his request was rejected.

The Bureau of Prisons filed a response to the habeas corpus petition, along with the Declaration of Bryan Erickson, the BOP official responsible for auditing Perez-Rodriguez's sentence, and numerous exhibits. The BOP contended that a transfer would not shorten Perez-Rodriguez's sentence, and section 2241 relief thus was not available. The Magistrate Judge filed a Report and Recommendation, in which he recommended that the habeas corpus petition be denied. Perez-Rodriguez filed Objections, in which he claimed that, by not transferring him to Puerto Rico, he is unable to mount a collateral

[1] Perez-Rodriguez was serving his Puerto Rico sentence when, on December 30, 2002, he escaped from the maximum security prison in Ponce in a helicopter. He was captured, and eventually convicted and sentenced in the United States District Court for the District of Puerto Rico to a consecutive 240-month term of imprisonment for aircraft piracy in violation of 49 U.S.C. § 46502(a)(1)(A), (2)(A). Perez-Rodriguez later was sentenced in the United States District Court for the Eastern District of Texas to a 33-month term of imprisonment for attempting to obtain heroin in a federal prison, a violation of 18 U.S.C. § 1791(a)(2). This sentence was to run consecutively to the undischarged term of imprisonment imposed in the District of Puerto Rico.

attack on his Puerto Rico sentence; the courts in Puerto Rico will not exercise jurisdiction unless he is physically present in Puerto Rico. The District Court directed the BOP to respond to the jurisdictional argument, and the BOP did so, noting that the Puerto Rican rules cited by Perez-Rodriguez did not suggest that an inmate would have to be physically present in Puerto Rico for the court to have jurisdiction. Jurisdiction would not be personal; it would be over the sentence. In an order entered on February 3, 2011, the District Court adopted the Report and Recommendation, determined that Perez-Rodriguez need not be physically present in Puerto Rico to collaterally challenge his murder conviction, and dismissed the habeas corpus petition.

Perez-Rodriguez filed a motion for reconsideration, in which he argued that he is unable to mount a collateral challenge to his Puerto Rico conviction and sentence from USP-Canaan, because the prison law library is inadequate with respect to Puerto Rico law, and because he is hampered in his ability to locate witnesses. The District Court denied reconsideration in an order entered on February 28, 2011. The court reasoned that, under the Puerto Rican post-conviction rules, Perez-Rodriguez could request the court to appoint him counsel, and, in any event, he could adequately pursue his claim – that trial counsel did not take an appeal – from USP-Canaan.

Perez-Rodriguez appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance

3

under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We will dismiss the appeal as frivolous. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Such is the case here.

Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons has the authority to designate a state institution as the official facility for service of a federal sentence, and the BOP may implement such a designation nunc pro tunc. See Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). If this designation impacts the duration of a prisoner's sentence, the BOP's decision is subject to habeas corpus review for abuse of discretion. See id. at 478. In Barden, the BOP refused to consider a petitioner's request for nunc pro tunc designation of a state facility for the service of his federal sentence, which would have made his state and federal sentences run concurrently. See id. at 477. We held that the BOP's refusal to consider the petitioner's request carried a "serious potential for a miscarriage of justice" because of the significant federal sentence credit, twelve years, that could be realized by the petitioner. See id. at 479.

Perez-Rodriguez's situation is significantly different from that of the petitioner in Barden. He does not seek a transfer to Puerto Rico based on any improvement in the

4

calculation of his sentence that he might receive, nor could he, because there is no dispute that his federal and Commonwealth sentences are to run consecutively. The BOP's designation of USP - Canaan as the place of service for the remainder of his federal sentence does not create a potential for a miscarriage of justice. Perez-Rodriguez did not lose any credit towards either his federal or Commonwealth sentences because of the BOP's decision not to transfer him to Puerto Rico. The BOP duly considered Perez-Rodriguez's request, and its denial of his request for a transfer will not result in a miscarriage of justice. Thus, the habeas corpus petition was properly dismissed.

Perez argued in the proceedings below that Puerto Rico never waived jurisdiction, and, indeed, it appears from the detainer that was lodged that Puerto Rico has retained primary jurisdiction over him. The fact remains, however, that Puerto Rico, as evidenced by its detainer letter, has no objection whatever to Perez-Rodriguez serving his federal sentence first. In addition, Perez-Rodriguez's personal jurisdiction argument lacks a basis in the Commonwealth rules for the reasons given by the District Court. His claim that the prison law library is inadequate sounds in civil rights, and does not provide a basis for habeas corpus relief. See generally Lewis v. Casey, 518 U.S. 343 (1996).

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).